UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALLSAFE TECHNOLOGIES, INC.,

                Plaintiff,

v.

LEIGHTON TECHNOLOGIES, LLC,

                Defendant.

**COMPLAINT WITH JURY DEMAND**

Civil Action No. _____

---

Plaintiff Allsafe Technologies Inc. ("Allsafe"), for its Complaint against Defendant Leighton Technologies LLC ("LT" or "Defendant"), alleges as follows:

## THE PARTIES

1. Allsafe is a New York corporation with its principal place of business located at 290 Creekside Drive in Amherst, New York.

2. LT is a New York limited liability company with its principal place of business at Montbello Park, 75 Montbello Road in Suffern, New York.

## JURISDICTION AND VENUE

3. This is an action for a declaratory judgment of patent non-infringement, patent invalidity and patent unenforceability due to either inequitable conduct and/or patent misuse. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 2201, 1331 and 1338.

4. Defendant resides in the State of New York and is subject to personal jurisdiction in this judicial district.

5. This Court is the proper venue for this action pursuant to 28 U.S.C. §§ 1391(b) and (c).

## GENERAL ALLEGATIONS

### I. Allsafe And Its Products

6. Allsafe is a premier plastic card manufacturer in the United States. Allsafe's plastic card products include 13.56 MHz contactless cards, 125 KHz proximity cards and Mifare cards (referred to hereinafter as "RFID cards"). Allsafe's RFID cards are utilized in many applications, including security access control, network log-on security, vehicle identification, transportation, cashless vending, time and attendance, biometric verification, among other applications.

### II. Keith Leighton, LT And LT's Infringement Allegations

7. Keith R. Leighton ("Leighton") claims to be the inventor of several United States patents relating to processes for the manufacture of RFID cards, including U.S. Patent Nos. 5,817,207 ("the '207 Patent"), 6,036,099 ("the '099 Patent"), 6,214,155 ("the '155 Patent") and 6,514,367 ("the '367 Patent") (collectively, the "Leighton Patents"). LT is the recorded owner by assignment of the Leighton Patents.

8. On or around July 2003, Allsafe received a letter from General Patent Corporation International ("GPCI") in which GPCI claimed to be the "manager" of LT, implied that Allsafe was infringing the Leighton Patents, and offered Allsafe a license to the Leighton Patents. Allsafe requested that GPCI provide Allsafe with further information regarding the basis for its infringement allegations, but no further information was provided. Accordingly, Allsafe conducted an independent review of the Leighton Patents and determined that the Leighton Patents are invalid and not infringed by Allsafe's RFID cards. Allsafe then declined GPCI's offer

for a license to the Leighton Patents, and continued to manufacture, market and sell its RFID cards.

9. Allsafe received no further communications from GPCI or LT regarding the Leighton Patents until November 9, 2009, when counsel for LT sent Allsafe a letter renewing its licensing demand. That November 9 letter set an arbitrary deadline of December 31, 2009 for Allsafe to accept unspecified licensing terms, and alluding not so subtly to impending litigation under the guise of "the next phase of [LT's] patent licensing program." Through subsequent communications between Allsafe and LT's counsel, the arbitrary deadline was extended to January 31, 2010.

10. Allsafe continues to believe the Leighton Patents are invalid and that Allsafe has not and does not infringe the Leighton Patents. Allsafe further believes that it has the right to continue making its RFID cards without a license from LT and that it is now subject to imminent legal action by LT for infringement of the Leighton Patents.

### III. The Leighton Patents Are Invalid

11. Section 101, 35 U.S.C., of the United States patent laws provides that:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

Upon information and belief, Leighton is not the inventor of the subject matter claimed in at least the '155, '367 and '207 Patents. Therefore, at least these patents are invalid for failure to meet the requirements of 35 U.S.C. § 101.

12. Section 102(a), 35 U.S.C., of the United States patent laws provides that one is not entitled to a patent if:

> The [claimed] invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent.

Section 102(b), 35 U.S.C., of the United States patent laws provides that one is not entitled to a patent if:

> [The claimed invention] was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.

Upon information and belief, the subject matter of at least the '155, '367 and '207 Patents are invalid for failure to meet the patentability requirements of 35 U.S.C. §§ 102(a) and/or (b).

13. Section 102(f), 35 U.S.C., of the United States patent laws provides that one is not entitled to a patent if "he did not himself invent the subject matter said to be patented." Upon information and belief, the Leighton Patents are invalid for failure to name the actual inventors and/or to name proper co-inventors.

14. Section 103(a), 35 U.S.C., of the United States patent laws provides that:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in Section 102 of this title, if the differences between the subject matter said to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time that the invention was made to a person having ordinary skill in the art to such said subject matter pertains.

Upon information and belief, the claimed subject matter of the Leighton Patents would have been obvious to one of skill in the relevant art, upon the respective dates of invention of these patents. Therefore, the Leighton Patents are invalid for failure to meet the patentability requirements of 35 U.S.C. § 103(a).

15. The judicially-created doctrine of obviousness-type double patenting prohibits an inventor from obtaining a second patent for claims that are not patentably distinct from the claims of a first patent. Any such patent is rendered invalid.

### IV. The Leighton Patents Are Unenforceable

16. Inventors who seek protection for an invention under the patent laws of the United States are under a duty of candor. That duty requires the inventors, their counsel, and anyone else involved in the prosecution of the patent application to disclose all material and information of which they are aware to the United States Patent and Trademark Office. Failure to disclose that material information, when coupled with an intent to deceive, renders unenforceable for inequitable conduct any patent issued upon the invention.

17. Upon information and belief, Leighton and his attorneys were aware of information material to the claims of the Leighton Patents and, with a deceitful intent, chose not to disclose that information to the United States Patent and Trademark Office.

18. Upon information and belief, LT is aware of the failure to disclose material information with an intent to deceive the United States Patent and Trademark Office, and the resulting unenforceability of at least some of the Leighton Patents. Nevertheless, LT has attempted, and continues to attempt, to extort licensing fees from Allsafe for these unenforceable patents.

#### A. The '155 Patent

19. During prosecution of the '155 Patent application, Leighton and his attorneys failed to disclose the existence of the co-pending applications for U.S. Patent No. 6,441,736 ("the '736 Patent") and '367 Patents, as well as prior art cited by the Examiner in the co-pending application for the '367 Patent, including GB 2279610 to named inventor Charles R. Jarvis (the "Jarvis Patent"). This information was material to the patentability of the inventions claimed in the '155 Patent.

20. Upon information and belief, Leighton and his attorneys intentionally withheld the existence of the co-pending applications for the '736 and '367 Patents and the Jarvis Patent with an intent to deceive the United States Patent and Trademark Office.

21. The '155 Patent is rendered unenforceable due to inequitable conduct by Leighton and his attorneys during the application therefor.

22. Upon information and belief, Leighton and his attorneys intentionally withheld the existence of co-pending applications for the '155 and '367 Patents and the Jarvis Patent with an intent to deceive the United States Patent and Trademark Office.

23. The '736 Patent is rendered unenforceable due to inequitable conduct by Leighton and his attorneys during the application therefor.

### B.    The '367 Patent

24. During prosecution of the '367 Patent application, Leighton and his attorneys failed to disclose the existence of the co-pending applications for the '155 and '736 Patents. This information was material to the patentability of the inventions claimed in the '367 Patent.

25. Upon information and belief, Leighton and his attorneys intentionally withheld the existence of the co-pending applications for the '155 and '736 Patents with an intent to deceive the United States Patent and Trademark Office.

26. The '367 Patent is rendered unenforceable due to inequitable conduct by Leighton and his attorneys during the application therefor.

### C.    The Leighton Patents

27. During the prosecution of the applications for all of the Leighton Patents, Leighton failed to disclose that he is not the inventor of and/or that another is the actual inventor of and/or that there are other co-inventors of the subject matter claimed in the Leighton Patents.

This information was material to the patentability of the inventions claimed in the Leighton Patents.

28. Upon information and belief, Leighton intentionally withheld the fact that he is not the inventor and/or that another is the actual inventor of and/or that there are other co-inventors of the inventions claimed in the Leighton Patents with an intent to deceive the United States Patent and Trademark Office.

29. The Leighton Patents are rendered unenforceable due to inequitable conduct by Leighton during the application therefor.

## FIRST CLAIM FOR RELIEF
### (Declaration of Non-Infringement of the Leighton Patents)

30. Allsafe incorporates paragraphs 1 through 29 as though fully set forth herein.

31. LT has asserted that Allsafe's RFID cards infringe one or more of the Leighton Patents.

32. As properly interpreted, Allsafe's RFID cards do not infringe upon any valid and enforceable claim of the Leighton Patents.

33. Allsafe is entitled to a declaration of non-infringement of the Leighton Patents, pursuant to 28 U.S.C. § 2201.

## SECOND CLAIM FOR RELIEF
### (Declaration of Invalidity of the Leighton Patents)

34. Allsafe incorporates paragraphs 1 through 33 as though fully set forth herein.

35. Should any of the claims of the Leighton Patents be interpreted to cover Allsafe's RFID cards, those claims would be invalid pursuant to 35 U.S.C. §§ 101, 102 and/or 103. Further, upon information and belief, the Leighton Patents are invalid for one or more of the provisions codified at 35 U.S.C. § 101 *et seq.*

36. Allsafe is entitled to a declaration of invalidity of the Leighton Patents, pursuant to 28 U.S.C. § 2201.

### THIRD CLAIM FOR RELIEF
### (Declaration of Unenforceability of the
### Leighton Patents Due to Inequitable Conduct)

37. Allsafe incorporates paragraphs 1 through 36 as though fully set forth herein.

38. For at least the reasons set forth above, the Leighton Patents were procured by inequitable conduct and, therefore, are unenforceable.

39. Allsafe is entitled to a declaration that the Leighton Patents are unenforceable due to inequitable conduct, pursuant to 28 U.S.C. § 2201.

### FOURTH CLAIM FOR RELIEF
### (Declaration of Unenforceability of the Leighton Patents
### Due to Patent Misuse)

40. Allsafe incorporates paragraphs 1 through 39 as though fully set forth herein.

41. For the reasons set forth above, LT has misused one or more of the Leighton Patents by attempting to obtain licenses therefor, knowing that the Leighton Patents are invalid and/or were procured by inequitable conduct.

42. Allsafe is entitled to a declaration that the Leighton Patents are unenforceable for patent misuse, pursuant to 28 U.S.C. § 2201.

### PRAYER FOR RELIEF

WHEREFORE, Allsafe prays that the Court enter an Order for Judgment as follows:

A. That LT, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns and parent and subsidiary entities, and any and all persons in act of concert or participation with any of them, be temporarily, preliminarily and permanently enjoined from:

        1.      Threatening to assert or asserting any of the Leighton Patents against Allsafe, its agents, employees, suppliers or customers;

        2.      Claiming that Allsafe's RFID cards infringe any claim of the Leighton Patents;

        3.      Claiming that any of the Leighton Patents are valid or enforceable;

B.      That the Leighton Patents are not infringed by the importation, exportation, manufacture, advertising, distribution, sale or use of Allsafe's RFID cards;

C.      That the Leighton Patents and the claims thereof are invalid;

D.      That the Leighton Patents are unenforceable due to inequitable conduct;

E.      That the Leighton Patents are unenforceable due to patent misuse;

F.      That this an exceptional case pursuant to 35 U.S.C. § 285;

F.      Awarding Allsafe its attorney's fees and costs incurred in prosecuting this action, including its expert witness fees; and

G.      Awarding such other and further preliminary and permanent relief to Allsafe as the Court deems equitable and appropriate.

## **JURY DEMAND**

Allsafe demands a jury trial on all issues so triable.

DATED: January 29, 2010.                    Respectfully submitted,

By: s/ David W. Kloss
David W. Kloss
Vincent G. LoTempio
KLOSS, STENGER & LOTEMPIO
*Attorneys For Plaintiff Allsafe Technologies, Inc.*
69 Delaware Avenue, Suite 1003
Buffalo, New York 14202
Telephone:     (716) 853-1111
dwkloss@klosslaw.com
vglotempio@klosslaw.com

***Todd P. Blakely***
        tblakely@sheridanross.com
***Benjamin B. Lieb***
        blieb@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado  80202-5141
Telephone:     303-863-9700
Facsimile:      303-863-0223
E-mail:litigation@sheridanross.com

TO:    Russell E. Levine, Esq.
       Kirkland & Ellis, LLP
       300 North LaSalle Street
       Chicago, IL  60654
       russell.levine@kirkland.com