**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **ALLSAFE TECHNOLOGIES, INC.**, | ) <br> ) <br> ) |
| Plaintiff and Counterclaim Defendant, | ) <br> ) **Case No. 1:10-cv-00077-RJA** |
| v. | ) <br> ) **Hon. Richard J. Arcara** |
| **LEIGHTON TECHNOLOGIES, LLC**, | ) <br> ) |
| Defendant and Counterclaim Plaintiff. | ) <br> ) <br> ) |

**LEIGHTON TECHNOLOGIES, LLC'S ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant Leighton Technologies, LLC ("LT") hereby responds to Allsafe Technologies, LLC's ("Allsafe") Complaint as follows:

**1.**     Allsafe is a New York corporation with its principal place of business located at 290 Creekside Drive in Amherst, New York.

**LT's Response:**

LT is without sufficient information to admit or deny the allegations in this Paragraph and therefore denies them.

**2.**     LT is a New York limited liability company with its principal place of business at Montbello Park, 75 Montbello Road in Suffern, New York.

**LT's Response:**

LT admits that it is a limited liability company organized and existing under the laws of the State of New York. The correct spelling of Leighton's principal place of business is "Montebello Road." Leighton admits its principal place of business is at 75 Montebello Road, Suffern, NY.

3. This is an action for a declaratory judgment of patent non-infringement, patent invalidity and patent unenforceability due to either inequitable conduct and/or patent misuse. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 2201, 1331 and 1338.

**LT's Response:**

LT admits Allsafe has alleged patent non-infringement, patent invalidity and patent unenforceability in its Complaint. LT admits the Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 2201, 1331 and 1338. LT denies all remaining allegations in this Paragraph.

4. Defendant resides in the State of New York and is subject to personal jurisdiction in this judicial district.

**LT's Response:**

Admitted.

5. This Court is the proper venue for this action pursuant to 28 U.S.C. §§ 1391(b) and (c).

**LT's Response:**

Admitted.

6. Allsafe is a premier plastic card manufacturer in the United States. Allsafe's plastic card products include 13.56 MHz contactless cards, 125 KHz proximity cards and Mifare cards (referred to hereinafter as "RFID cards"). Allsafe's RFID cards are utilized in many applications, including security access control, network log-on security, vehicle identification, transportation, cashless vending, time and attendance, biometric verification, among other applications.

**LT's Response:**

LT admits that Allsafe manufactures 13.56 MHz contactless plastic card products but is without sufficient information to admit or deny the details of Allsafe's other manufactured products. LT denies the remaining allegations in this Paragraph.

7. Keith R. Leighton ("Leighton") claims to be the inventor of several United States patents relating to processes for the manufacture of RFID cards, including U.S. Patent Nos. 5,817,207 ("the '207 Patent"), 6,036,099 ("the '099 Patent"), 6,214,155 ("the '155 Patent") and 6,514,367 ("the '367 Patent") (collectively, the

"Leighton Patents"). LT is the recorded owner by assignment of the Leighton Patents.

**LT's Response:**

LT admits Keith R. Leighton is the inventor of United States Patent Nos. 5,817,207 ("the '207 Patent"), 6,036,099 ("the '099 Patent"), 6,214,155 ("the '155 Patent") and 6,514,367 ("the '367 Patent") (collectively, the "LT Patents"). LT further admits it is the owner by assignment of the Leighton Patents. LT denies all remaining allegations in this Paragraph.

8. On or around July 2003, Allsafe received a letter from General Patent Corporation International ("GPCI") in which GPCI claimed to be the "manager" of LT, implied that Allsafe was infringing the Leighton Patents, and offered Allsafe a license to the Leighton Patents. Allsafe requested that GPCI provide Allsafe with further information regarding the basis for its infringement allegations, but no further information was provided. Accordingly, Allsafe conducted an independent review of the Leighton Patents and determined that the Leighton Patents are invalid and not infringed by Allsafe's RFID cards. Allsafe then declined GPCI's offer for a license to the Leighton Patents, and continued to manufacture, market and sell its RFID cards.

**LT's Response:**

LT admits that General Patent Corporation International ("GPCI") sent correspondence on LT's behalf to Allsafe on July 21, 2003 and refers to its contents. LT admits that in a letter dated November 5, 2003, Allsafe requested "more specific information" from Leighton. LT denies the allegation that LT provided no further information to Allsafe. In fact, LT thereafter sent letters to Allsafe on February 18, 2004, May 7, 2004, June 29, 2004, and October 4, 2006, but received no further response from Allsafe. LT admits Allsafe never entered into a license agreement with regard to the Leighton Patents. LT is without sufficient information to admit or deny the remaining allegations in this Paragraph and therefore denies them.

9. Allsafe received no further communications from GPCI or LT regarding the Leighton Patents until November 9, 2009, when counsel for LT sent Allsafe a letter renewing its licensing demand. That November 9 letter set an arbitrary deadline of December 31, 2009 for Allsafe to accept unspecified licensing terms, and alluding not so subtly to impending litigation under the guise of "the next

phase of [LT's] patent licensing program." Through subsequent communications between Allsafe and LT's counsel, the arbitrary deadline was extended to January 31, 2010.

**LT's Response:**

Leighton admits it again sent a letter to Allsafe on November 9, 2009 offering to license the Leighton patents to Allsafe and refers to its contents, which stated in part that "[w]e believe your company may be interested in a license to the Leighton Technologies patents." LT denies all remaining allegations in this Paragraph.

10. Allsafe continues to believe the Leighton Patents are invalid and that Allsafe has not and does not infringe the Leighton Patents. Allsafe further believes that it has the right to continue making its RFID cards without a license from LT and that it is now subject to imminent legal action by LT for infringement of the Leighton Patents.

**LT's Response:**

LT is without sufficient information to admit or deny what Allsafe subjectively believes about the Leighton Patents and therefore denies the allegations in this paragraph. LT further denies that the Leighton Patents are invalid or unenforceable and denies that Allsafe does not infringe the Leighton Patents. LT denies all remaining allegations in this Paragraph.

11. Section 101, 35 U.S.C., of the United States patent laws provides that:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

Upon information and belief, Leighton is not the inventor of the subject matter claimed in at least the '155, '367 and '207 Patents. Therefore, at least these patents are invalid for failure to meet the requirements of 35 U.S.C. § 101.

**LT's Response:**

LT admits Allsafe has correctly quoted the language of 35 U.S.C. § 101 but denies the remaining allegations of this Paragraph.

12. Section 102(a), 35 U.S.C., of the United States patent laws provides that one is not entitled to a patent if:

> The [claimed] invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent.

Section 102(b), 35 U.S.C., of the United States patent laws provides that one is not entitled to a patent if:

> [The claimed invention] was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.

Upon information and belief, the subject matter of at least the '155, '367 and '207 Patents are invalid for failure to meet the patentability requirements of 35 U.S.C. §§ 102(a) and/or (b).

**LT's Response:**

LT admits Allsafe has, with the exception of misplaced brackets in § 102(b), correctly quoted the language of 35 U.S.C. §§ 102(a) and (b) but denies the remaining allegations of this Paragraph.

13. Section 102(f), 35 U.S.C., of the United States patent laws provides that one is not entitled to a patent if "he did not himself invent the subject matter said to be patented." Upon information and belief, the Leighton Patents are invalid for failure to name the actual inventors and/or to name proper co-inventors.

**LT's Response:**

LT admits Allsafe has partially correctly quoted the language of 35 U.S.C. § 102(f), but the word "said" should instead be "sought." LT denies the remaining allegations of this Paragraph.

14. Section 103(a), 35 U.S.C., of the United States patent laws provides that:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in Section 102 of this title, if the differences between the subject matter said to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time that the invention was

> made to a person having ordinary skill in the art to such said subject matter pertains.
>
> Upon information and belief, the claimed subject matter of the Leighton Patents would have been obvious to one of skill in the relevant art, upon the respective dates of invention of these patents. Therefore, the Leighton Patents are invalid for failure to meet the patentability requirements of 35 U.S.C. § 103(a).

**LT's Response:**

LT admits Allsafe has partially correctly quoted the language of 35 U.S.C. § 103(a) but the phrase "subject matter said" should instead be "subject matter sought," and the phrase "to such said" should instead be "to which said." LT denies the remaining allegations of this Paragraph.

> **15.** The judicially-created doctrine of obviousness-type double patenting prohibits an inventor from obtaining a second patent for claims that are not patentably distinct from the claims of a first patent. Any such patent is rendered invalid.

**LT's Response:**

LT objects to this Paragraph asserting a conclusion of law as not containing any allegation against LT for which a response is possible or required. LT otherwise denies the allegations of this Paragraph.

> **16.** Inventors who seek protection for an invention under the patent laws of the United States are under a duty of candor. That duty requires the inventors, their counsel, and anyone else involved in the prosecution of the patent application to disclose all material and information of which they are aware to the United States Patent and Trademark Office. Failure to disclose that material information, when coupled with an intent to deceive, renders unenforceable for inequitable conduct any patent issued upon the invention.

**LT's Response:**

LT objects to this Paragraph asserting a conclusion of law as not containing any allegation against LT for which a response is possible or required. LT otherwise denies the allegations of this Paragraph.

17. Upon information and belief, Leighton and his attorneys were aware of information material to the claims of the Leighton Patents and, with a deceitful intent, chose not to disclose that information to the United States Patent and Trademark Office.

**LT's Response:**

Denied.

18. Upon information and belief, LT is aware of the failure to disclose material information with an intent to deceive the United States Patent and Trademark Office, and the resulting unenforceability of at least some of the Leighton Patents. Nevertheless, LT has attempted, and continues to attempt, to extort licensing fees from Allsafe for these unenforceable patents.

**LT's Response:**

Denied.

19. During prosecution of the '155 Patent application, Leighton and his attorneys failed to disclose the existence of the co-pending applications for U.S. Patent No. 6,441,736 ("the '736 Patent") and '367 Patents, as well as prior art cited by the Examiner in the co-pending application for the '367 Patent, including GB 2279610 to named inventor Charles R. Jarvis (the "Jarvis Patent"). This information was material to the patentability of the inventions claimed in the '155 Patent.

**LT's Response:**

LT admits that the existence of the co-pending '736 and '367 applications were not disclosed during prosecution of the '155 Patent application. LT denies the remaining allegations contained in this Paragraph.

20. Upon information and belief, Leighton and his attorneys intentionally withheld the existence of the co-pending applications for the '736 and '367 Patents and the Jarvis Patent with an intent to deceive the United States Patent and Trademark Office.

**LT's Response:**

Denied.

21. The '155 Patent is rendered unenforceable due to inequitable conduct by Leighton and his attorneys during the application therefor.

**LT's Response:**

Denied.

22. Upon information and belief, Leighton and his attorneys intentionally withheld the existence of co-pending applications for the '155 and '367 Patents and the Jarvis Patent with an intent to deceive the United States Patent and Trademark Office.

**LT's Response:**

Denied.

23. The '736 Patent is rendered unenforceable due to inequitable conduct by Leighton and his attorneys during the application therefor.

**LT's Response:**

Denied.

24. During prosecution of the '367 Patent application, Leighton and his attorneys failed to disclose the existence of the co-pending applications for the '155 and '736 Patents. This information was material to the patentability of the inventions claimed in the '367 Patent.

**LT's Response:**

LT admits that the existence of the co-pending '736 and '155 applications were not disclosed during prosecution of the '367 Patent application. LT denies the remaining allegations contained in this Paragraph.

25. Upon information and belief, Leighton and his attorneys intentionally withheld the existence of the co-pending applications for the '155 and '736 Patents with an intent to deceive the United States Patent and Trademark Office.

**LT's Response:**

Denied.

26. The '367 Patent is rendered unenforceable due to inequitable conduct by Leighton and his attorneys during the application therefor.

**LT's Response:**

Denied.

27. During the prosecution of the applications for all of the Leighton Patents, Leighton failed to disclose that he is not the inventor of and/or that another is the

actual inventor of and/or that there are other co-inventors of the subject matter claimed in the Leighton Patents. This information was material to the patentability of the inventions claimed in the Leighton Patents.

**LT's Response:**

Denied.

28. Upon information and belief, Leighton intentionally withheld the fact that he is not the inventor and/or that another is the actual inventor of and/or that there are other co-inventors of the inventions claimed in the Leighton Patents with an intent to deceive the United States Patent and Trademark Office.

**LT's Response:**

Denied.

29. The Leighton Patents are rendered unenforceable due to inequitable conduct by Leighton during the application therefor.

**LT's Response:**

Denied.

30. Allsafe incorporates paragraphs 1 through 29 as though fully set forth herein.

**LT's Response:**

LT adopts and incorporates its responses to Paragraphs 1 through 29 as if fully set forth herein.

31. LT has asserted that Allsafe's RFID cards infringe one or more of the Leighton Patents.

**LT's Response:**

Denied. LT has asserted that Allsafe's 13.56 MHz contactless cards infringe the Leighton Patents.

32. As properly interpreted, Allsafe's RFID cards do not infringe upon any valid and enforceable claim of the Leighton Patents.

**LT's Response:**

LT is without sufficient information or belief to admit or deny the allegations contained in this Paragraph and therefore denies such allegations.

**33.** Allsafe is entitled to a declaration of non-infringement of the Leighton Patents, pursuant to 28 U.S.C. § 2201.

**LT's Response:**

Denied.

**34.** Allsafe incorporates paragraphs 1 through 33 as though fully set forth herein.

**LT's Response:**

LT adopts and incorporates its responses to Paragraphs 1 through 33 as if fully set forth herein.

**35.** Should any of the claims of the Leighton Patents be interpreted to cover Allsafe's RFID cards, those claims would be invalid pursuant to 35 U.S.C. §§ 101, 102 and/or 103. Further, upon information and belief, the Leighton Patents are invalid for one or more of the provisions codified at 35 U.S.C. § 101 *et seq*.

**LT's Response:**

Denied.

**36.** Allsafe is entitled to a declaration of invalidity of the Leighton Patents, pursuant to 28 U.S.C. § 2201.

**LT's Response:**

Denied.

**37.** Allsafe incorporates paragraphs 1 through 36 as though fully set forth herein.

**LT's Response:**

LT adopts and incorporates its responses to Paragraphs 1 through 36 as if fully set forth herein.

**38.** For at least the reasons set forth above, the Leighton Patents were procured by inequitable conduct and, therefore, are unenforceable.

**LT's Response:**

Denied.

39. Allsafe is entitled to a declaration that the Leighton Patents are unenforceable due to inequitable conduct, pursuant to 28 U.S.C. § 2201.

**LT's Response:**

Denied.

40. Allsafe incorporates paragraphs 1 through 39 as though fully set forth herein.

**LT's Response:**

LT adopts and incorporates its responses to Paragraphs 1 through 39 as if fully set forth herein.

41. For the reasons set forth above, LT has misused one or more of the Leighton Patents by attempting to obtain licenses therefor, knowing that the Leighton Patents are invalid and/or were procured by inequitable conduct.

**LT's Response:**

Denied.

42. Allsafe is entitled to a declaration that the Leighton Patents are unenforceable for patent misuse, pursuant to 28 U.S.C. § 2201.

**LT's Response:**

Denied.

## LEIGHTON'S RESPONSE TO ALLSAFE'S PRAYER FOR RELIEF:

LT denies that Allsafe is entitled to any relief whatsoever, either as requested in its Complaint, or otherwise.

## AFFIRMATIVE DEFENSES

1. Allsafe has infringed and is infringing at least one valid, enforceable claim of U.S. Patent No. 6,036,099.

2.      Allsafe has infringed and is infringing at least one valid, enforceable claim of U.S. Patent No. 6,514,367.

3.      Allsafe has infringed and is infringing at least one valid, enforceable claim of U.S. Patent No. 6,214,155.

4.      Allsafe has infringed and is infringing at least one valid, enforceable claim of U.S. Patent No. 5,817,207.

### **LEIGHTON TECHNOLOGIES, LLC'S COUNTERCLAIMS**

Counterclaim Plaintiff Leighton Technologies, LLC ("LT") for its Counterclaims against Defendant Allsafe Technologies, Inc. ("Allsafe"), alleges as follows:

#### **Nature Of The Action**

5.      This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by Allsafe of one or more claims in each of United States Patent Nos. 6,036,099 ("the '099 Patent"), 6,514,367 ("the '367 Patent"), 6,214,155 ("the '155 Patent"), and 5,817,207 ("the '207 Patent"), owned by LT.

#### **The Parties**

6.      Counterclaim Plaintiff LT is a limited liability company duly organized and existing under the laws of the State of New York, with its principal place of business at 75 Montebello Road, Suffern, NY  10901.

7.      On information and belief, Allsafe is a New York corporation with its principal place of business located at 290 Creekside Drive, Amherst, NY  14228.

#### **Jurisdiction And Venue**

8.      Subject matter jurisdiction for LT's counterclaim is proper in this Court under 28 U.S.C. §§ 1331 and 1338(a).

9.   This Court has personal jurisdiction over Allsafe because it is organized under the laws of the State of New York, has a principal place of business within this District, has purposely availed itself of the privilege of conducting activities within this State and District, has filed a Complaint against LT in this District, and has infringed United States Patent Nos. 6,036,099, 6,514,367, 6,214,155, and 5,817,207 in this District.

10.  Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b–c) and 1400(b).

**Background**

11.  The patents asserted in this Counterclaim Complaint are:  5,817,207 ("Radio Frequency Identification Card and Hot Lamination Process for the Manufacture of Radio Frequency Identification Cards"); 6,036,099 ("Hot Lamination Process for the Manufacture of a Combination Contact/Contactless Smart Card and Product Resulting Therefrom"); 6,214,155 ("Radio Frequency Identification Card and Hot Lamination Process for the Manufacture of Radio Frequency Identification Cards"); and 6,514,367 ("Hot Lamination Process for the Manufacture of a Combination Contact/Contactless Smart Card") (collectively, "LT Patents") (Exhibits A–D).

12.  Each of the LT Patents is a lawfully issued, valid, and enforceable United States Patent.

13.  LT is the sole owner of the entire right, title, and interest in and to each of the LT Patents.

14.  The LT Patents relate generally to "smart cards" as well as to a process for manufacturing various types of smart cards.

15.  Smart cards are generally defined as cards containing embedded electronics. Smart cards are used in connection with financial transactions, access control, identification, and

other applications. Smart cards may be contactless (i.e., cards that communicate wirelessly on various frequencies with card readers), contact (i.e., cards that communicate through a physical connection between an embedded chip and a reader), or dual interface (i.e., cards that operate as both contact and contactless cards).

16. Counterclaim Defendant Allsafe is a manufacturer and seller of smart cards for various applications, including security access control, network log-on security, vehicle identification, transportation, cashless vending, time and attendance, and biometric verification.

17. Among the products manufactured by Allsafe are contactless cards that operate at the 13.56 MHz frequency.

18. The contactless cards Allsafe produces that operate at the 13.56 MHz frequency conform with ISO technical standard 14443.

19. On information and belief, at least the contactless cards manufactured by Allsafe that operate at the 13.56 MHz frequency infringe one or more claims of the LT patents.

## COUNT I — Infringement Of The '099 Patent

20. LT realleges and incorporates herein by reference the allegations stated in Paragraphs 1–20 of this Counterclaim Complaint.

21. The '099 Patent was duly and legally issued on March 14, 2000. The '099 Patent was duly and legally assigned to LT, and LT owns and has full rights to sue, enforce and recover damages for all infringements of the '099 Patent. A true and correct copy of the '099 Patent is attached to this Counterclaim Complaint as Exhibit A.

22. Allsafe has infringed, contributorily infringed and/or actively induced infringement, and is infringing, contributorily infringing and/or actively inducing infringement of the '099 Patent in this District, in the United States and elsewhere by at least making, causing to be made, using, causing to be used, selling, causing to be sold, offering to sell, causing to be

offered for sale, importing and/or causing to be imported products that infringe one or more claims of the '099 Patent.

23. Allsafe's infringement, contributory infringement, and/or active inducement of others' infringement of the '099 Patent have taken place with full knowledge of the '099 Patent and have been intentional, deliberate, and willful.

24. On information and belief, Allsafe will continue to infringe, contributorily infringe and/or actively induce others to infringe the '099 Patent unless and until it is enjoined by this Court.

25. Allsafe has been aware of the '099 Patent since at least as early as July 21, 2003.

26. Allsafe's infringement, with knowledge of the '099 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling LT to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT II — Infringement Of The '367 Patent

27. LT realleges and incorporates herein by reference the allegations stated in Paragraphs 1–27 of this Counterclaim Complaint.

28. The '367 Patent was duly and legally issued on February 4, 2003. The '367 Patent was duly and legally assigned to LT, and LT owns and has full rights to sue, enforce and recover damages for all infringements of the '367 Patent. A true and correct copy of the '367 Patent is attached to this Counterclaim Complaint as Exhibit B.

29. Allsafe has infringed, contributorily infringed and/or actively induced infringement, and is infringing, contributorily infringing and/or actively inducing infringement of the '367 Patent in this District, in the United States and elsewhere by at least making, causing to be made, using, causing to be used, selling, causing to be sold, offering to sell, causing to be

offered for sale, importing and/or causing to be imported products that infringe one or more claims of the '367 Patent.

30. Allsafe's infringement, contributory infringement, and/or active inducement of others' infringement of the '367 Patent have taken place with full knowledge of the '367 Patent and have been intentional, deliberate, and willful.

31. On information and belief, Allsafe will continue to infringe, contributorily infringe and/or actively induce others to infringe the '367 Patent unless and until it is enjoined by this Court.

32. Allsafe has been aware of the '367 Patent since at least as early as July 21, 2003.

33. Allsafe's infringement, with knowledge of the '367 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling LT to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT III — Infringement Of The '155 Patent

34. LT realleges and incorporates herein by reference the allegations stated in Paragraphs 1–34 of this Counterclaim Complaint.

35. The '155 Patent was duly and legally issued on April 10, 2001. The '099 Patent was duly and legally assigned to LT, and LT owns and has full rights to sue, enforce and recover damages for all infringements of the '155 Patent. A true and correct copy of the '155 Patent is attached to this Counterclaim Complaint as Exhibit C.

36. Allsafe has infringed, contributorily infringed and/or actively induced infringement, and is infringing, contributorily infringing and/or actively inducing infringement of the '155 Patent in this District, in the United States and elsewhere by at least making, causing to be made, using, causing to be used, selling, causing to be sold, offering to sell, causing to be

offered for sale, importing and/or causing to be imported products that infringe one or more claims of the '155 Patent.

37. Allsafe's infringement, contributory infringement, and/or active inducement of others' infringement of the '155 Patent have taken place with full knowledge of the '155 Patent and have been intentional, deliberate, and willful.

38. On information and belief, Allsafe will continue to infringe, contributorily infringe and/or actively induce others to infringe the '155 Patent unless and until it is enjoined by this Court.

39. Allsafe has been aware of the '155 Patent since at least as early as July 21, 2003.

40. Allsafe's infringement, with knowledge of the '155 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling LT to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT IV — Infringement Of The '207 Patent

41. LT realleges and incorporates herein by reference the allegations stated in Paragraphs 1–41 of this Counterclaim Complaint.

42. The '207 Patent was duly and legally issued on October 6, 1998. The '207 Patent was duly and legally assigned to LT, and LT owns and has full rights to sue, enforce and recover damages for all infringements of the '207 Patent. A true and correct copy of the '207 Patent is attached to this Counterclaim Complaint as Exhibit D.

43. Allsafe has infringed, contributorily infringed and/or actively induced infringement, and is infringing, contributorily infringing and/or actively inducing infringement of the '207 Patent in this District, in the United States and elsewhere by at least making, causing to be made, using, causing to be used, selling, causing to be sold, offering to sell, causing to be

offered for sale, importing and/or causing to be imported products that infringe one or more claims of the '207 Patent.

44. Allsafe's infringement, contributory infringement, and/or active inducement of others' infringement of the '207 Patent have taken place with full knowledge of the '207 Patent and have been intentional, deliberate, and willful.

45. On information and belief, Allsafe will continue to infringe, contributorily infringe and/or actively induce others to infringe the '207 Patent unless and until it is enjoined by this Court.

46. Allsafe has been aware of the '207 Patent since at least as early as July 21, 2003.

47. Allsafe's infringement, with knowledge of the '207 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling LT to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

**WHEREFORE**, Defendant LT prays that this Court:

A. Enter a judgment that Allsafe has infringed, contributorily infringed and/or actively induced others to infringe the '099 Patent, the '367 Patent, the '155 Patent, and the '207 Patent;

B. Award LT damages in an amount sufficient to compensate LT for Allsafe's infringement, contributory infringement, and/or active inducement of others' infringement of the '099 Patent, the '367 Patent, the '155 Patent, and the '207 Patent, but not less than a reasonable royalty;

C. Award prejudgment interest to LT pursuant to 35 U.S.C. § 284;

D. Award increased damages, pursuant to 35 U.S.C. § 284, in an amount not less than three times the amount of actual damages awarded to LT, by reason of Allsafe's willful infringement of the '099 Patent, the '367 Patent, the '155 Patent, and the '207 Patent;

E. Enter a permanent injunction enjoining Allsafe and its officers, directors, servants, managers, employees, agents, attorneys, successors, and assignees, and all persons in active concert and participation with any of them, from further acts of infringement of the '099 Patent, the '367 Patent, the '155 Patent, and the '207 Patent, pursuant to 35 U.S.C. § 283;

F. Declare this case exceptional under 35 U.S.C. § 285 and award LT its reasonable attorneys' fees, expenses and costs incurred in this action; and

G. Grant LT such other and further relief as this Court may deem just and proper.

## Jury Demand

LT hereby demands a jury trial on all issues so triable.

Dated: June 11, 2010

  /s/ Mitchell J. Banas, Jr.
Mitchell J. Banas, Jr.
JAECKLE FLEISCHMANN & MUGEL, LLP
12 Fountain Plaza
Buffalo, New York  14202-2292
Telephone:  (716) 843-3871
Facsimile:  (716) 856-0432
E-mail:  mbanas@jaeckle.com

Russell E. Levine, P.C.
Kristen J. Allen
Matthew V. Topic
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
E-mail:  rlevine@kirkland.com

*Attorneys for Leighton Technologies, LLC*

## CERTIFICATE OF SERVICE

      I, Mitchell J. Banas, do hereby certify that I am one of the attorneys for Defendant and Counterclaim Plaintiff Leighton Technologies, LLC in Civil Action No. 1:10-cv-00077-RJA and that on June 11, 2010, I electronically filed a copy of LEIGHTON TECHNOLOGIES, LLC'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS with the Clerk of the United States District Court for the Western District of New York using the CM/ECF system, which sent notification of such filing to me and to:

      David W. Kloss
      Vincent G. LoTempio
      KLOSS, STENGER & LOTEMPIO
      69 Delaware Avenue, Suite 1003
      Buffalo, New York  14202
      Telephone:  (716) 853-1111
      dwkloss@klosslaw.com
      vglotempio@klosslaw.com

      Todd P. Blakely
      Benjamin B. Lieb
      SHERIDAN ROSS P.C.
      1560 Broadway, Suite 1200
      Denver, Colorado  80202-5141
      Telephone: (303) 863-9700
      Facsimile:  (303) 863-0223
      tblakely@sheridanross.com
      blieb@sheridanross.com
      litigation@sheridanross.com

*Attorneys for Allsafe Technologies, Inc.*


       /s/ Mitchell J. Banas, Jr.
      Mitchell J. Banas, Jr.
      JAECKLE FLEISCHMANN & MUGEL, LLP
      12 Fountain Plaza
      Buffalo, New York  14202-2292
      Telephone:  (716) 843-3871
      Facsimile:  (716) 856-0432
      E-mail:  mbanas@jaeckle.com

*Attorney for Leighton Technologies, LLC*